(36 Misc. Rep. 370.)

McCOMB v. TITLE GUARANTEE & TRUST CO. OF NEW YORK et al.

(Supreme Court, Special Term, New York County. November, 1901.)

1. WILLS—PASSIVE TRUST.
   Testator devised certain property to trustees to be maintained as homes for testator's wife and children until the death of the youngest child surviving him. *Held* invalid as a passive trust.

2. SAME—ILLEGAL ACCUMULATIONS.
   Direction in a trust deed that the trustee should apply the income to the payment of mortgages on the realty is void as an illegal accumulation of rents and profits.

3. SAME—TRUST DEED—VALIDITY.
   A direction in a trust deed to apply the income to payment of mortgages on the realty, though void, does not affect the valid dispositions of the realty contained in the deed, and confirmed by a subsequent will of the grantor, which directs that provisions in the deed which may be found invalid shall be disregarded.

4. ABSTRACT QUESTIONS.
   The court will not determine abstract propositions of law.

Action by Fanny R. McComb against the Title Guarantee & Trust Company of New York and others to construe a will. Judgment rendered.

Harrison & Byrd (Robert L. Harrison and W. MacFarlane, of counsel), for plaintiff.

Duer, Strong & Whitehead (George A. Strong, of counsel), for defendant Title Guarantee & Trust Co., executor and trustee.

Deyo, Duer & Bauerdorf (Robert E. Deyo, of counsel), for defendant Jennings Scott McComb, individually.

SCOTT, J. This is an action by the daughter and one of the heirs at law of James Jennings McComb, deceased, to obtain a construction of his will and codicils, and an adjudication that certain of its provisions are void. The first clause to which attention is directed is that numbered 13 in the will, which undertakes to dispose of the testator's homestead at Dobbs Ferry, and of the fifth floor of an apartment house in the city of New York, stated in the will to have been occupied by the testator as a home. These properties, including their contents, are in terms given to the executors and trustees in trust for the use of the testator's wife and children. The will then provides as follows:

"It is my will, and I direct, that my said trustees shall maintain and keep in good condition and repair the said premises at Dobbs Ferry, and shall pay all taxes and assessments thereon, and all premiums for necessary insurance, and shall pay the rentals and charges, if any, requisite to retain said premises in the Madrid, all without charge to my wife or children, and shall keep all such premises as homes for my wife and children during the life of my wife, and thereafter during the life of one of my children surviving me who shall be the youngest at the time of my death: provided, however, that unless my wife, or, after her death, two, at least, of my children, prefer to occupy one or both said homes, the same may, with the consent of my wife and a majority of my children, be relinquished to my said trustees, and the same and the contents may be rented or sold. But no sale of the real estate included in said homestead shall be made by my trustees during the continuance of the trust hereby made in respect thereto unless my wife, if living, and a majority of my children, shall join in the deed of conveyance. The"

proceeds of said property when sold or leased shall become part of, or be disposed of as is hereinafter directed in respect to, my residuary estate."

There follows a provision that the executors and trustees shall pay to the testator's wife while living, and thereafter, while such trust continues, shall pay, at the request of the children who occupy the homestead, sums sufficient to pay all costs and expenses of living in said homestead, and carrying on the same up to a stated limit. In case of a division of the estate, provision is also made for setting apart a sum sufficient to provide during the lifetime of the wife, and during the occupancy of the homestead by the children, the necessary living expenses of such occupants. The testator's wife is dead, and it is not alleged that any two of the testator's children have expressed a desire to occupy the said homestead and apartment. The will, however, places no limit of time upon the expression of such a preference, which may be made at any moment. It therefore becomes desirable to pass upon the validity of the trust attempted to be created by this clause. The general scheme of this clause would leave the executors and trustees as merely passive trustees, having no discretion to exercise, and no power of control over the property. The right of occupancy and of the enjoyment of the property would be vested in the children who elected to reside on the homestead and in the apartment, to the exclusion of the trustees. Such an attempted disposition of real property is not authorized by the laws of this state, and no title to the property is thereby vested in the trustees. Beekman v. Bonsor, 23 N. Y. 298, 314, 316, 80 Am. Dec. 269; Verdin v. Slocum, 71 N. Y. 345; Wainwright v. Low, 132 N. Y. 313, 30 N. E. 747. Since the trust thus attempted to be created is invalid, it follows that the other provisions of the thirteenth clause, which are evidently inserted therein only in furtherance of the trust, fall with it. This includes the allowance for living expenses to the children electing to occupy the homestead and apartment, and also the restriction upon the power of the executors and trustees to lease or sell without the consent of a majority of the children, since those restrictions were obviously inserted to insure the retention of the properties so long as two of the children elected to occupy them as homes. Were it not for the provision in the thirteenth clause as to the disposition of the proceeds of the property when leased or sold, the children would be entitled to the entire legal estate in the property sought to be disposed of by this clause. Real Property Law (Laws 1896, c. 547, § 72). The testator has, however, indicated very clearly that it was his intention, when the use of the property as a home for his wife or children ended, that the property itself, or its proceeds, should fall into his residuary estate; and by the second codicil of his will he expressly provided that, in case any of the provisions of his will should be found to be invalid and incapable of being carried out, no other provision of the will should thereby fail to take effect, but that such invalid provisions, if any, should be wholly disregarded, and the will deemed never to have contained the same, and all other and lawful provisions should be fully observed and carried out. It is clear, from

an examination of the thirteenth clause, that it was the testator's-intention that the special disposition sought to be made of the homestead and the apartment was to continue only so long as his wife or two of his children saw fit to occupy the premises as a. home, and that upon the termination of that occupancy the property, or the proceeds thereof, should revert to his residuary estate.. The attempted trust for occupancy failing, it is as if it had terminated, and the property falls into the residuary estate; the trustees taking the legal title thereto, not under the thirteenth, but under the fifteenth, clause of the will, and subject to the valid trusts therein specified. The next clause of the will, which is alleged to contain an invalid provision as to the disposition of the estate,. is numbered fourteenth, and relates to certain buildings in the city of New York described as the "Central Park Apartment Buildings." This property is given to the executors and trustees, subject to a. trust deed of the same premises previously made to the Title Guarantee & Trust Company, in trust to hold, rent, manage, and maintain the buildings, and to apply the net income in the most profitable manner to the payment of all. mortgages and liens thereon,. in accordance with the terms of said mortgages and of such contracts or arrangements as the testator might have made to extinguish and retire the same, and thereafter to apply said net income until said mortgages and liens are fully paid and discharged,. and to convey and dispose of said property as is hereinafter directed in respect to the residuary estate. The deed to the Title Guarantee & Trust Company, subject to which the foregoing devise is expressly made, conveys the same property in trust, with ample powers of management, and with authority to the trustees to pay all the net income derived therefrom to the testator during his life, and after his death to apply the same to the payment of the principal of the mortgages upon the premises, until said mortgages, or any mortgages given in renewal thereof or substitution therefor, shall be fully paid. After the payment and discharge of the mortgages, the trustee is directed to pay over all the net income to and among such persons as shall be thereto designated by the last will and testament of the testator, or, if he die intestate, to his widow and. next of kin, in the proportions provided by law respecting the disposition of the personal property of an intestate. Upon the determination of the trust, which is limited upon the lives of two children of the testator, the trustee is directed to pay over or distribute the estate as provided by the will of the testator, or, if he shall have died intestate, then to and among his heirs at law.

That the direction contained both in the will and in the trust deed. to apply the income of the property to the extinguishment of the mortgage and the liens thereon is invalid cannot well be questioned. Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302. Indeed, no party to the action has attempted to defend this provision of the will and deed. It is urged, however, that, since the accumulation of income to pay off the mortgage appears to have been the chief purpose of the trust deed, it must fall with the determination of the illegality of this purpose. This result, how—

·ever, does not necessarily follow.   In every respect, save as to the payment of mortgages out of income, the deed is proof against attack under our statutes.   The projected disposition of the income during the testator's lifetime by payment over to him was entirely lawful.   If the invalid provision as to the use of the income after his death be stricken out of the deed and disregarded, as it must be, there still remains a valid provision for the disposition of the income by the direction that it be paid over to such persons as shall be thereunto designated by the testator's will, or, in case of his intestacy, to his next of kin.   As has already been noted, the testator, by a codicil to his will, expressly provided that, in case any of the provisions of his will should be found to be invalid, no other provision of the will should thereby fail to take effect, but that such invalid provision should be· disregarded, and the will carried out as if it had never contained the same.   The concluding words of the fourteenth clause of the will clearly indicate the testator's desire that the apartment houses specified in that section should, after the execution of the provisions ·relating thereto, now declared to be invalid, fall into and become a part of his residuary estate, which is disposed of by the fifteenth clause of the will.   That clause, ·eliminating a repetition of the invalid provision for the payment ·of mortgages out of income, provides that the whole estate, real and personal, shall be held by the executors and trustees during the lives of the two of testator's children who, surviving him, shall be the youngest of his children at the time of his death, upon a trust to receive the rents and profits, and pay an annuity to his ·widow (now deceased), and to pay over and divide the remaining net income equally among his children, paying. to the issue or devisee of any child who may have died before the termination of the trust the parent's share, and dividing equally among the surviving children the share of any who may have died without issue .and intestate.   Upon the termination of the trust thus created, the trustees are directed first to pay off and discharge any liens or mortgages upon the Central Park Apartment Buildings then remaining unpaid, and thereupon to pay over, transfer, and convey the residuary estate, in equal parts, share and share alike, to his children or their respective heirs, legatees, devisees, next of kin, executors, administrators, or assigns.   There is thus contained in the will a clear designation of the persons to whom is to be paid the net income derived as well from the Central Park Apartment Buildings as from the remainder of the estate, and it becomes the duty of the trustee named in the trust deed to pay over the net income in equal shares to the testator's children, who will thus receive it, not by virtue of the will, but by virtue of the trust deed in which the gift itself was contained; the will merely designating the beneficiaries.   The excision from the trust deed and the will of the provision for paying the mortgages out of accumulated income leaves these mortgages as representing indebtedness of the estate to be paid and satisfied by the trustees as if no attempt to specially provide for their ;payment had been made by the testator.

The foregoing constitute all of the questions as to which any

present question arises. Other questions are suggested by the will and codicils, and have been elaborately argued. It is neither necessary nor proper now to pass upon them. One question thus suggested is found in a provision of the fifteenth, or residuary, clause, which directs that, if the trust by that clause created should terminate while any child is less than 40 years of age, the payment of one-half of the principal share devised to such child be deferred until such child attains the age of 40 years. The contingency there provided for may not arise. If and when it does will be quite time enough to dispose of it. The other question arises under the ninth subdivision of the third codicil of the will, which makes a special provision, said to be much less than the equivalent of one-fourth of the estate, for the plaintiff in case she shall marry a particular person designated by name in the codicil. She has not yet married the person thus named, and it is, of course, possible that she may never do so. The question as to the validity of this provision of the codicil is not, therefore, at present, a practical question as to which the executors and trustees need advice or direction, and it may never become such. At present the question is purely abstract and academic. The courts do not sit to determine such questions. Horton v. Cantwell, 108 N. Y. 255–269, 15 N. E. 546; Estate of Hamersley, 9 Civ. Proc. R. 293; People v. Common Council of City of Troy, 82 N. Y. 575; In re Davies, 168 N. Y. 89, 110, 61 N. E. 118.

Decision and decree in accordance with this opinion may be settled on two days' notice, including a provision for the payment of costs out of the estate for all parties who have separately appeared. Judgment accordingly.