HANDY et al. v. J. B. ORCUTT CO. et al.

(Supreme Court, Appellate Division, Third Department. March 21, 1902.)

1. PLEADING—ORDER FOR BILL OF PARTICULARS—SUFFICIENCY.

An order directing plaintiff to file a bill of particulars of property alleged to have been converted by defendant, which provides that it need not specify the property with any greater particularity than may be determined from inventories filed in a certain bankruptcy case, will not be reversed as not sufficiently comprehensive, where the inventories are not before the court on appeal.

2. SAME.

Where the complaint in an action for conversion of lumber alleges that plaintiff has been denied access to lumber claimed to have been converted, the defendant cannot demand a bill of particulars any more complete than plaintiff is able to make from inventories filed in a bankruptcy case, if such inventories are his only apparent means of knowledge of the property in defendant's hands.

Appeal from special term, Saratoga county.

Action by Herbert L. Handy and others against the J. B. Orcutt Company and others. From an order requiring plaintiffs to deliver a bill of particulars to defendants, the latter appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

Edgar T. Brackett, for appellants.

Charles E. Patterson, for respondents.

PER CURIAM. The appellants' complaint is that the bill of particulars ordered was not sufficiently comprehensive. The plaintiffs were ordered, in substance, to serve a bill of particulars of "the class and kind and amount, in general terms, of the property thus claimed by the plaintiffs to have been converted by said defendants, but without particularly specifying the number of feet of lumber or panes of glass, or any further amounts than they are able to ascertain from the examination of the inventory made by the assignee of Barnes & La Dow and by the trustee in bankruptcy of said Barnes & La Dow." The inventories referred to in the order are not before the court. It is impossible, therefore, for us to tell how comprehensive or satisfactory the bill of particulars ordered may be. The order, therefore, should be affirmed, leaving to the defendants their motion to make more specific the bill of particulars if one inadequate be furnished.

In the complaint it is alleged that the plaintiffs have been denied access to this lumber, a part of which they are claiming. The defendants, thus denying access to the property, cannot with good grace ask that the plaintiffs be required to specify particularly what parts of the property are claimed. The order, we think, properly confined the obligation of the plaintiffs to specify such amounts as they were able to ascertain from the inventories which had been made, their only apparent means of knowledge of the property in the hands of the defendants which was the subject of their mortgage.

Order affirmed, with $10 costs and disbursements.