# Moore's Estate (No. 3).

*Executors and administrators—Trust company—Interest on deposits.*

Where three executors, one of whom is a trust company, deposit in the trust company funds of the estate, and the company allows the usual two per cent interest thereon, it cannot be surcharged with interest in excess of that rate on the theory that acting in a fiduciary capacity it was bound to account for all profits made out of the estate.

Argued Jan. 11, 1905. Appeal, No. 229, Jan. T., 1904, by George M. Moore, from decree of O. C. Phila. Co., July T., 1898, No. 56, dismissing exceptions to adjudication in Estate of Andrew M. Moore, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*William S. Divine*, for appellant.

*H. Gordon McCouch* and *Alex. Simpson, Jr.*, with them *O. Percy Bright, Ira Jewell Williams* and *Francis Shunk Brown*, for appellee.

OPINION BY MR. JUSTICE ELKIN, April 10, 1905:

Most of the assignments of error in this case have been disposed of at No. 167 January Term, 1904. One question, however, has been raised which was not considered in that appeal. It is this: Should the Fidelity Trust Company, one of the accountants, be required to pay the interest earned by it on the several sums of money belonging to the decedent and deposited with said company during the time the estate was being settled? Under the will of Andrew M. Moore, deceased, three executors were named. One of these executors was the Fidelity Trust Company. As the funds were collected the accountants deposited them with said company. This company in the ordinary and usual way paid the accountants two

per cent on daily balances. The appellant, however, contends that the Fidelity Trust Company being one of the executors, and acting in a fiduciary capacity as such, should be required to account for all the interest earned by the company in the use of these funds. In other words, if that company as a bank loaned these funds out at six per cent, as an executor it should be required to account to the estate for interest at that rate. The auditing judge and the court below found against the contention of the appellant here. They were unquestionably right in so doing. The Fidelity Trust Company, it is true, acted in a dual relationship in this matter. It was a bank. It was also an executor, but it was only one of the three executors who settled the estate of the decedent. It acted as an executor under the authority conferred upon it by law, but it also in pursuance of its lawful, regular and ordinary business accepted moneys on deposit and loaned the same for profit. It had a legal right to act in both capacities. The accountants deposited the funds of the estate from time to time with the trust company for convenience and safe keeping. It would have been just the same as if they had taken these funds to any other trust company and deposited them there for the same purpose. It was in evidence that the trust company paid to these accountants the same rate of interest on daily balances paid by it to all other customers. It cannot be required to pay more. The suggestion that this trustee intermingled these trust funds with its own is without merit and does not require serious consideration.

This appeal is dismissed, the costs to be paid by appellant.