HERZOG et al. v. TITLE GUARANTEE & TRUST CO.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

TRUSTS (§ 219*)—TRUSTEES—INTEREST.

A trust company which was trustee of a large estate, the income of which exceeded $400,000 a year, requiring $65,000 per annum to pay taxes, interest on mortgages, etc., mingled a portion of the funds of the estate with its own by depositing the same in bank accounts to its credit. On these balances interest was allowed of from 2½ to 3 per cent., which was a fair rate, and it affirmatively appeared that the deposit accounts at all times showed a large balance to the credit of the trust company, which exceeded the balance of the trust funds belonging to the estate, and that at no time was any draft made by the trust company which required the use of any part of the trust fund. *Held*, that the mingling of the trust funds with its own, under such circumstances, was insufficient to charge the trust company with interest on the balance in its hands as the income from the trust property at the full legal rate of interest.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 314–317; Dec. Dig. § 219.*]

Appeal from Judgment on Report of Referee.

Action by Fanny McComb Herzog and another against the Title Guarantee & Trust Company, individually and as trustee, impleaded with others, etc. From portions of a judgment entered on the report of a referee, the trust company appeals. Reversed.

See, also, 132 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

George A. Strong, for appellant.
Robert L. Harrison, for respondents.

DOWLING, J.   On June 16, 1892, James J. McComb and wife conveyed to the Title Guarantee & Trust Company certain property situate at Fifty-Ninth street and Seventh avenue, New York City, in trust, to receive the rents, income, and proceeds thereof, and to apply the same, after the deduction of certain expenses, to said McComb during his lifetime, and, upon his death, to apply the same to paying off the principal of certain mortgages then upon the property, with the further direction that then—

"all the net income shall be paid over from time to time as often as twice a year and quarterly, if possible, to and among such persons as shall be thereunto designated in and by the last will and testament of said James J. Mc-Comb or if he should die intestate then such net income shall be paid to his widow and next of kin in the proportions provided by the laws of the state of New York governing the distribution of the personal property of an intestate."

McComb died March 31, 1901, leaving a last will and testament whereby, among other provisions, the fourteenth clause gave, devised, and bequeathed unto his executors and trustees, subject to the deed of trust hereinbefore referred to, the property in question, in trust, to hold, rent, maintain, and manage the same, and to apply the net income toward the payment of the mortgages then existing until the same were paid and discharged, when the net income was to be disposed of as provided in respect to his residuary estate.   The fifteenth clause provided for the distribution of his residuary estate, and it was given, devised, and bequeathed to his executors and trustees to be held upon certain trusts and purposes, including the division of the net income among his children.

In the action brought for the construction of this will it was adjudged, December 9, 1901, that the provisions in the will for accumulating income to pay the mortgages upon the property were invalid, and that the property included in the trust deed and also in the will fell into and became part of the residuary estate, and was lawfully disposed of by the trust deed and by the fifteenth clause of the will. 36 Misc. Rep. 376, 73 N. Y. Supp. 554, and 70 App. Div. 618, 75 N. Y. Supp. 1128.

The present action is brought for an accounting by the trustees under the trust deed; and the sole question involved in this appeal is whether or not the trustee should be charged with interest at the rate of 6 per cent. per annum, computed quarterly, upon certain balances in its hands, being accumulations of the income from said property. The learned referee has held the trustee so chargeable upon the ground that it had used the trust funds in its own business, limiting such use to the facts found by him.   These facts are that beginning with October 1, 1902, the trustee opened an account with itself and began the deposit therein of the income accumulated by it from the property in question.   Upon these funds so deposited the company allowed itself, as trustee, interest upon balances varying from 2½ to 3 per cent., which it is not questioned was a fair rate to be paid by a trust company for deposits made with it.   The income so accumulated was mingled with the ordinary funds of the Title Guarantee & Trust Com-

pany, and no separate account was kept of the earnings of the income. This mingling of the trust income with the trustees' own money consisted solely in depositing for collection the checks received for rent in one or more banks in which the trustee kept an ordinary deposit account in its own corporate name, and by checks on which accounts it made payments of the said trust income as well as payments for its general purposes. In other words, the claimed use of the funds consisted solely in this: That the trustee allowed the estate the regular trust company rate of interest, depositing its receipts as trustee in its ordinary bank accounts. But it affirmatively appears that such bank accounts continually showed a large balance to the credit of the title company, and, what is more important still, it is affirmatively established that that balance at all times exceeded the balance of the trust funds belonging to the McComb estate, and that at no time was any draft made upon the account which required the use of any part of those funds to meet it.

It therefore is clear that the judgment appealed from cannot be sustained upon the theory that the trustee had made use of the trust funds, had failed to separate the profits therefrom from its ordinary profits, and therefore should be charged with the full legal rate of interest. Nor do we believe that the trustee is so chargeable upon the other theory which is urged in support of the judgment, although not relied upon by the referee; namely, that interest should be charged against the trustee as a penalty for its delay in paying over the trust income. We cannot find any evidence justifying a limitation of the balance to be carried by the trustee to $10,000, in view of the fact that the income from the property exceeds $400,000 per year, and that the taxes and interest on the mortgage amount to nearly $65,000 per annum. We do not believe that any ground has been shown for so charging the trustee. While there was a period when no income whatever was paid to the beneficiaries, that has been explained by the pendency of judicial proceedings in which, for the first time, questions were raised as to the proper person to whom the trust income should be paid, whether to the executors or to the beneficiaries direct.

During all this time no complaint was made of the actions of the trustee nor is anything now shown attacking its good faith in so delaying. For a long period of years the action of the trustee in retaining parts of the income was acquiesced in by the beneficiaries to the extent, at least, that they made no complaint of its doings, suggested no change in its methods, and made no demand for a larger payment to them. There is no good reason why the trustee should now refuse to make quarterly payments to the beneficiaries, as they have now protested against being paid semiannually. If the trustee is in doubt as to the amount which it can safely retain for the defraying of fixed charges or for other contingencies, it may apply to the court for special instructions.

In so far as the judgment appealed from imposes upon the trustee interest amounting to $5,495.58 upon moneys claimed to be used or retained improperly by it, it must be modified, and the provisions surcharging the trustee with said amount with interest thereon stricken

from the judgment. Furthermore, in view of the community of interest between the plaintiffs and the codefendant Jennings Scott McComb and of the final success of the trustee in upholding the accuracy of its statement of accounts, the division of extra allowance as between the defendants should be reversed, so that the defendant Jennings ·Scott McComb shall be granted an allowance of $730, and the defendant the Title Guarantee & Trust Company an allowance of $1,250.

As thus modified, the judgment will be affirmed, with costs to all parties upon this appeal, payable out of the income of the trust funds. All concur.