FANNIE M. HERZOG et al., Appellants, *v.* THE TITLE GUARANTEE AND TRUST COMPANY, Individually and as Trustee under a Trust Deed Made by JAMES McCOMB, et al., Respondents.

*Herzog* v. *Title Guarantee & Trust Co.*, 148 App. Div. 234, modified.
(Argued December 9, 1913; decided December 19, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judical department, entered January 27, 1912, modifying and affirming as modified a judgment of Special Term in an action for an accounting.

*Robert L. Harrison* and *Robert W. B. Elliott* for appellants.

*George A. Strong* for respondents.

*Per Curiam.* (1) In the action brought to construe the will of the decedent, McComb, which involved the construction also of the trust deed, it is said in the opinion of the court rendered at Special Term:

There is contained "in the will a clear designation of the persons to whom is to be paid the net income derived as well from the Central Park Apartment Buildings as from the remainder of the estate, and it becomes the duty of the trustee named in the trust deed to pay over the net income in equal shares to the testator's children, who will thus receive it, not by virtue of the will, but by virtue of the trust deed in which the gift itself was contained, the will merely designating the beneficiaries."

This is a proper interpretation of the will and deed and accordingly the net income should be paid directly to the beneficiaries and not to the trustees under the will to be by them distributed. The opinion is reported in *McComb v. Title G. & T. Co.* (36 Misc. Rep. 370, 375).

The Title Guarantee and Trust Company, the trustee under the deed, is also one of the trustees under the will. If that company should be allowed to pay to itself and the other executors under the will the income received under the deed, double commissions might follow. It is true the judgment of the Appellate Division in this case provides that the Title Guarantee and Trust Company shall not receive commissions as executor under the will on the sums received under the deed, but there are other executors, and there is no reason to believe that they will not demand commissions.

(2) The determination of the Appellate Division disallowing the claim that the defendant, the Title Guarantee and Trust Company, should be charged with interest is approved.

The judgment appealed from should, therefore, be reversed so far as it directs the defendant, the Title Guarantee and Trust Company, to pay over the net income to the executors and trustees under the will of the decedent, and the judgment of the Trial Term in that respect should be affirmed. As thus modified, the judg-

ment appealed from should be affirmed, without costs to any party.

CULLEN, Ch. J., WERNER, HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment accordingly.