---

### In re PEOPLE'S TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬯104—TRUST COMPANY—DEPOSIT OF TRUST FUNDS WITH ITSELF—INTEREST CHARGEABLE.

Where a banking and trust company, in its capacity as trustee under a will, deposited money of the estate with itself as a banking institution, it cannot, in the absence of infidelity, be charged with 6 per cent. interest thereon in favor of the estate; but the 3 per cent. charge which it makes against itself in its account, being in excess of the interest required by

Banking Law (Consol. Laws, c. 2) § 194, to be paid by trust companies acting as executors, should be approved, since, in view of its right to act as a bank and its obligations in protection of the fund under section 189, it would be unjust to require the company to deposit such funds in another banking institution, upon whose assets it has no further security than any other creditor, or to show that the deposit to itself did not contribute to its profit as a bank.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 423–432; Dec. Dig. ☞104.]

2. TRUSTS ☞325—LIABILITY FOR INTEREST—BURDEN OF PROOF.

The burden of proving facts raising a liability for interest on trust funds against a fiduciary is upon the party alleging their existence.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 483–485; Dec. Dig. ☞325.]

3. EXECUTORS AND ADMINISTRATORS ☞91—CORPORATE EXECUTOR—LIABILITY.

A corporate executor is subject to no greater liability than that which devolves upon an individual executor, except as prescribed by statute.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 397, 398, 400–402; Dec. Dig. ☞91.]

Appeal from Surrogate's Court, Nassau County.

Proceeding to settle the account of the People's Trust Company and R. Percy Chittenden as executors of Walter E. Duryea, deceased. From a decree of the surrogate surcharging the account, the People's Trust Company appeals. Decree modified.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

George W. Wingate, of New York City, for appellant.

Robert M. Boyd, Jr., of New York City, for respondent Peregrine.

STAPLETON, J. [1] This is an appeal from so much of the decree, settling the account of a corporate executor, as surcharges that account with a sum of money which equals the difference between three per centum per annum for a fixed period, upon the corpus of an estate consisting of money, which the executor allowed in the account filed, and 6 per centum per annum thereon, which the surrogate determined should have been allowed. The determination was in accord with the contention of the residuary legatee, the sole party in interest, and with the report of the referee. There is also an appeal from so much of the decree as adjudges that costs taxed and allowed on behalf of the appellant shall not include any part of the expenses of the reference, and that the appellant be required personally to pay the expenses of that reference.

We will examine the adjudication as to interest. Herzog v. Title Guarantee & Trust Co., 148 App. Div. 234, 132 N. Y. Supp. 1114, affirmed 210 N. Y. 531, 103 N. E. 885, is decisive of the error of the determination in the case at bar. The cases cannot be distinguished in principle. An examination of the record in the Herzog Case (volume 2986, Court of Appeals Cases, Brooklyn Law Library, Case No. 2, pages 182, 183, 202) reveals no substantial variance in the facts. We are influenced, however, by the difference in the legal relations of the parties and the legal nature of the funds, unimportant though

those circumstances may be, briefly to write in applying the doctrine of that case to the case under review.

The amounts subject to interest and the period for which interest should be allowed are not disputed. It is not claimed that any bank of deposit pays any greater rate of interest on such funds than the appellant. There was no misappropriation, or infidelity, or profit making, as those terms are legally defined. The appellant, the executor, is a trust company. The money which it received as executor it deposited with itself as a banking institution to its credit as executor.

The Trust Company having been named as executor in the will of the testator, the statute commanded its appointment. Section 189, Banking Law (chapter 10, Laws of 1909, constituting chapter 2 of the Consolidated Laws). The investments of money received by it in such capacity are at its sole risk.

"* * * And for all losses of such money the capital stock, property and effects of the corporation shall be absolutely liable, unless the investments are such that the courts recognize as proper when made by an individual acting as * * * executor. * * * If dissolved by the Legislature or the court, or otherwise, the debts due from the corporation as such executor * * * shall have the preference." Section 190, Id.

"On all sums of money not less than one hundred dollars which shall be collected and received by such corporation acting as executor, * * * interest shall be allowed by such corporation at not less than the rate of two per centum per annum until the moneys so received shall be duly expended or distributed." Section 194, Id.

[2] The elements, as grounds for liability for interest on funds received by a fiduciary upon whom the duty of investment is not imposed by law or the instrument creating the trust, are well settled and need not be restated. It is sufficient to say that none of them is proved in this record, and the burden of proving the existence of them is upon him who alleges they exist. Price v. Holman, 135 N. Y. 132, 133, 32 N. E. 124; Beard v. Beard, 140 N. Y. 260, 266, 35 N. E. 488; Matter of Nesmith, 140 N. Y. 609, 616, 35 N. E. 942.

[3] A corporate executor is subject to a liability no greater than that which devolves upon an individual executor, except as prescribed by statute. We have seen that the statute imposes an interest charge upon sums of $100 and upwards received by a trust company executor in its representative capacity. In its account filed the appellant has charged itself with a sum in excess of the minimum fixation. It thus fully discharged the statutory duty laid upon it. The statute imposing the duty was doubtless enacted in contemplation of the right of a trust company to act as a banking institution, and to receive, as such, deposits of funds intrusted to it as an executor; those deposits being accorded a statutory preference in the event of the dissolution or liquidation of the trust company, and being hedged with a special security in the event of improper investment.

When we consider the nature of a trust company, the statutory authorization to act as a bank of deposit and as an executor, and the legal obligations protective of the fund, imposed by statute upon such an institution, it is unreasonable, unjust, and discordant with the statute law to require it to deposit in another banking institution, upon the assets of which it has no more security than any other creditor, the

money received by it as a fiduciary, or to show that such deposit did not contribute in any degree to its profits as a banking institution.

The question discussed was the important question before the referee. Its examination did not require the taking of much testimony. The other numerous objections could have readily been adjusted without incurring substantial expense. Justice does not require that the appellant should be charged with the expense of the reference.

The decree of the Surrogate's Court of Nassau County should be modified, by striking therefrom the provisions surcharging the appellant with the sum of $6,830.78, interest, and $462.50, the expense of the reference, and directing that the expense of the reference be made payable out of the estate, and, as modified, affirmed, with costs to the appellant, payable out of the estate. All concur.