(136 So. 735)

WEAVER v. FIRST NAT. BANK OF OPP et al.

4 Div. 546.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 15, 1931.

J. C. Fleming and C. L. Rowe, both of Elba, for appellant.

A. Whaley, of Andalusia, for appellees.

448

## BROWN, J.

█ The instrument attached as Exhibit "Two" to the bill, and made a part thereof, was given to secure the payment of a loan of property and money made by the complainant, J. B. Weaver, to his father, J. E. Weaver, for his life, and constituted an equitable lien upon the property of which the said Weaver died seized and possessed, which a court of equity will enforce. Donald & Co. v. Hewitt, 33 Ala. 534, 73 Am. Dec. 431; Wood v. Holly Mfg. Co., 100 Ala. 326, 13 So. 948, 46 Am. St. Rep. 56; Bolman et al. v. Overall, Ex'r, et al., 80 Ala. 451, 2 So. 624, 60 Am. Rep. 107; 10 R. C. L. 273, §§ 44, 45 and 46.

The instrument or contract contemplated that the father, J. E. Weaver, should have the use of the property and money, over and above $400, directed to be used in discharging the obligation to Vaughn, and, if the father's estate was sufficient to repay the balance of the principal, after discharging the just debts and obligation of said J. E. Weaver, it would be repaid out of the estate.

█ To this extent the funds in the hands of the executor, after paying the just debts of the said J. E. Weaver, and the bequest to Mattie Strickland, made because of services rendered by her to the said J. E. Weaver and his deceased wife, should be impressed with a trust for the payment of the indebtedness to complainant. Bolman et al. v. Overall, Ex'r, et al., supra.

So far as appears, no detriment resulted from the purchase by complainant of the lands belonging to the estate from the executor; nor was the complainant benefited above what any other person would have been if such third person had purchased. There is therefore nothing in such transaction upon which an estoppel in pais may be rested.

The court erred in sustaining the demurrers to the bill, and the decree is reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.