## STATE v. JOSEPH U. BARNES.[1]

June 25, 1909.

Nos. 15,856—(19).

**Indictment States Public Offense—Repeal of Statute.**

> The indictment in this case charges that appellant was the president and a director of the Minnesota Title Insurance & Trust Company, a corporation duly organized and existing under chapter 107, p. 133, Laws 1883, and the laws amendatory thereto, and that appellant did unlawfully and feloniously become indebted to the company in the sum of $2,614.96, which amount he appropriated to his own use. *Held,* chapter 107, p. 133, Laws 1883, providing for the incorporation of annuity, safe deposit, and trust companies, was not unconstitutional because of a defective title; the act was expressly repealed by the Revised Laws of 1905; and the provisions of section 11 were continued and re-enacted in section 3045 of the code, and were in force and effect at the time set forth in the indictment. The indictment states facts sufficient to constitute a public offense under the provisions of section 3045, R. L. 1905.

Defendant was indicted in the district court for Hennepin county for the crime of grand larceny in the first degree. The indictment is given in the opinion. A demurrer was interposed on the ground that the facts stated did not constitute a public offense. The demurrer was overruled, Holt, J., and at the request of defendant, the case was certified to this court for its opinion upon the following questions, to wit:

1. Do the penal provisions of section 3045 of the Revised Statutes apply to all corporations organized under chapter 107 of the Laws of 1883, and laws amendatory thereof?

[1]Reported in 122 N. W. 11.

2. Does this indictment charge such a becoming indebted to the corporation as is contemplated by the provisions of section 3045?

3. Did the repeal of chapter 107 of the Laws of 1883 and chapter 3 of the Laws of 1885, and all other laws amendatory thereof, by the provisions of chapter 108, Revised Laws of 1905, and the enactment of section 3045 of said Revised Statutes, make all corporations organized under the provisions of chapter 107 of the Laws of 1883, and acts amendatory thereof, subject to the penal provisions of section 3045?

4. Can a prosecution under the provisions of section 11, chapter 107, of the Laws of 1883, be commenced after the repeal of said law by the Revised Statutes of 1905?

5. Does said indictment state facts constituting a public offense? Affirmed.

*John Lind, A. Ueland,* and *A. M. Harrison,* for appellant.

*George T. Simpson,* Attorney General, *Al. J. Smith,* County Attorney, *John F. Dahl,* Assistant County Attorney, and *John N. Berg,* for the State.

LEWIS, J.

Appellant was indicted as follows:

"Joseph U. Barnes is accused by the grand jury of the county of Hennepin, in the state of Minnesota, by this indictment, of the crime of grand larceny in the first degree, committed as follows:

"The said Joseph U. Barnes on the second day of January, A. D. 1907, at the city of Minneapolis, in said Hennepin county, then and there being the president and a director of the Minnesota Title Insurance & Trust Company, then and there a corporation duly organized, created, and existing under and by virtue of chapter 107, Laws of Minnesota 1883, and laws amendatory thereto, did unlawfully, knowingly, and feloniously become indebted to said Minnesota Title Insurance & Trust Company, in the sum of two thousand six hundred and fourteen dollars and ninety-six cents, by then and there appropriating to his own use and charging to his personal account two thousand six hundred and fourteen dollars and ninety-six cents, genuine, lawful, and current money of the United States of America.

of the value of two thousand six hundred and fourteen dollars and ninety-six cents, which said money was then and there the property of said Minnesota Title Insurance & Trust Company, and no part of said money being then and there or at any time due and payable from said Minnesota Title Insurance & Trust Company to said Joseph U. Barnes, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

The indictment was demurred to upon the ground that the facts therein stated did not constitute a public offense. The trial court overruled the demurrer, and certified the case to this court for decision of certain questions.

The indictment is attacked upon the ground that, so far as appears from its face, the company may have been incorporated under the provisions of section 9, c. 107, p. 135, Laws 1883, as amended by section 5, c. 3, p. 17, Laws 1885, to transact a title insurance business only, and that it does not appear from the face of the indictment for what purpose the company was organized. It is conceded by the state that the indictment was drawn with reference to section 3045 of the Revised Laws of 1905.

Chapter 107, p. 133, Laws 1883, is entitled: "An act to authorize the organization and incorporation of annuity, safe deposit and trust companies." Section 11 thereof prohibits the corporation from engaging in any other kind of business, except as expressly authorized by the act, and makes the loan of any money of the corporation to an officer or director an act of embezzlement by such officer. This section is practically the same as section 3045 of the Revised Laws of 1905. Corporations organized under the act of 1883 were not authorized to engage in the title insurance business, but by chapter 3, p. 14, Laws 1885, such companies were expressly authorized to insure owners of real estate, mortgages, and other interests in real estate from loss by reason of defective titles, liens, and incumbrances. By chapter 74, p. 123, Laws 1887, this provision of the 1885 act was expressly repealed, with this reservation: "But this repeal shall not affect or be construed as referring to any company which has been heretofore organized under said act

as so amended." Subsequent to 1885 many amendments were made to the act of 1883, and chapter 135, p. 221, Laws 1887, was an act regulating and confirming the formation of real estate title insurance companies.

It does not appear definitely from the indictment at what time the company in question was incorporated, but it was assumed at the argument that it was after chapter 3, p. 14, of the Laws of 1885, was enacted and before the repeal of that act by chapter 74, p. 123, Laws of 1887. It is possible that, although the company was incorporated as an annuity, safe deposit, and trust company, it may, in the course of time, have become practically a title insurance company, under the additional powers granted by the 1885 act. It may be that in 1907 the company was transacting both branches of business, and that the money involved in the transaction named in the indictment was title insurance funds. These suggestions present some very interesting questions, which we do not deem it proper to consider at this time.

It fairly appears from the indictment that the corporation was a trust company within the provisions of section 3045, and in January, 1907, was doing a trust business, and that the funds referred to in the indictment were trust funds. Chapter 107, p. 133, Laws 1883, and chapter 3, p. 14, Laws 1885, were expressly repealed by the 1905 Code; but the provisions of section 11 of the 1883 act were incorporated into the Code as section 3045. The sections are practically the same, and the new provision must be held to be a continuation of the old one, under the provisions of section 5508 of the Code. Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243; State v. McDonald, 101 Minn. 349, 112 N. W. 278.

But it is claimed that chapter 107, p. 133, Laws 1883, was unconstitutional, because the title related solely to the organization and incorporation of trust companies, and not to the method and manner of conducting the business as set out in the body of the act. If unconstitutional, appellant argues that the continuation of the law in the code was also void. If the act of 1883 was unconstitutional because of the restrictive title, it would avail appellant nothing, because the same provisions were re-enacted in the code, and that was

in force at the time alleged in the indictment—January, 1907. It is the rule that "where an act, section or provision is void because not within the title, and such act, section or provision is afterwards incorporated in a code or revision, and the code or revision is duly passed under an appropriate general title, such act, section or provision will be valid from the passage of the code or revision." 1 Sutherland, St. Const. (Lewis Ed.) § 171.

But we are unwilling to concede that the title to the 1883 act was defective, and we hold that the act was constitutional. The subject of the act is expressed in the title. No one reading the title would have the right to assume that the body of the act did not define the purposes and duties of such companies, and the objects and purposes of an act need not be stated in the title. Lien v. Board of County Commrs. of Norman Co., 80 Minn. 58, 82 N. W. 1094; City of Duluth v. Abrahamson, 96 Minn. 39, 104 N. W. 682. Penalties need not be expressed in the title. State v. Pioneer Press Co., 100 Minn. 173, 110 N. W. 867, 9 L. R. A. (N. S.) 480, 117 Am. St. 684. As expressed, the title is not a cloak for legislation upon dissimilar matters, and the provisions of the act are naturally connected with the subject expressed in the title. Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788.

For these reasons, the indictment states facts sufficient to constitute a public offense, under section 3045, R. L. 1905, and the order overruling the demurrer is affirmed.