### IN RE TRUSTEESHIP UNDER WILL OF JOHN R. VAN DERLIP.
### MINNEAPOLIS SOCIETY OF FINE ARTS v. FIRST NATIONAL BANK AND TRUST COMPANY OF MINNEAPOLIS AND ANOTHER.[1]

February 11, 1938.

No. 31,353.

[1]Reported in 277 N. W. 909.

*Junell, Fletcher, Dorsey, Barker & Colman,* for appellants.

*Snyder, Gale & Richards,* for respondent.

*Ira C. Oehler, Alexander E. Horn, Kingman, Cross, Morley, Cant & Taylor, Cobb, Hoke, Benson, Krause & Faegre, John J. Gleason, Wendell O. Rogers,* and *Martin O'Brien, amici curiae.*

PETERSON, JUSTICE.

This proceeding under 3 Mason Minn. St. 1936 Supp. § 8100-13 (L. 1933, c. 259, § 3), commenced in the district court by the trustees of a testamentary trust.

They petition for an order construing Article 37 of the will of John R. Van Derlip, deceased, and for instructions as to whether under the will and applicable statutes they have authority to invest a portion of the trust fund in corporate stocks. The decision below was that:

"2. The words 'securities * * * whether "authorized securities" or otherwise,' as such words are used in Article Thirty-Seventh of said will, are sufficiently broad to include, and do include, corporate stocks, both preferred and common."

The trustees were instructed that they had the power to invest trust funds in both common and preferred corporate stock. They appeal.

By Article 37 of his will, the residue of the estate of Mr. Van Derlip was vested in the petitioners as trustees, whose powers, as far as now important, were defined thus:

"to receive, control, invest and reinvest the same, or the proceeds of any part thereof, except in so far as the investment thereof in the form in which it shall be received by them shall be satisfactory to said trustees, in securities approved by said trustees, as well as by the members of the Finance Committee of The Minneapolis Society of Fine Arts sitting as a board, whether 'authorized securities'

or otherwise, except real estate mortgages, meaning mortgages secured solely upon any real property, as a permanent trust fund, the net income derived therefrom to be paid by said trustees to, and for the use and benefit of, said The Minneapolis Society of Fine Arts, subject to the conditions and directions hereinafter expressed."

■ We have examined and compared the provisions of the will. A discussion of its provisions would unduly extend the opinion. The conclusion is inescapable that the testator considered stocks as securities. The bulk of his large estate was in stocks. All through his will Mr. Van Derlip obviously referred to them by the inclusive term "securities." Once only did he specially mention stocks. That was in Article 37 in subjecting certain mining stocks to the direction that all proceeds therefrom should be deemed principal rather than income of the trust. The will authorizes the trustees to invest in corporate stocks.

■ In In re Trusteeship under Will of Jones, 202 Minn. 187, 277 N. W. 899, we held that under 2 Mason Minn. St. 1927, § 7735, a corporate trustee may invest in corporate stocks where such investment is authorized by the terms of the trust. This is such a case. In this respect the statute is in accord with the general rule that a trustee may invest in corporate stocks when the power is granted to the fiduciary by the terms of the will. Note, 16 Ann. Cas. 71.

■ In the decision below the power to invest in corporate stocks was predicated upon the ground that § 7735 was directory only. In this the court below erred. But the conclusion reached was correct upon grounds which we have stated.

Affirmed.

MR. JUSTICE STONE, on account of illness, took no part in the consideration or decision of this case.