[1] Reported in 22 N.W.2d 633.
Appeal from an order construing the will of Robert Fremont Jones, deceased, and the statutes applying thereto as not authorizing the trustee thereunder to invest in common and preferred corporate stocks.
On October 15, 1930, Robert Fremont Jones, a resident of Hennepin county, died testate, leaving the residue of his estate in trust, the net income of which was to be paid to his son, Roy C. Jones, and his daughter, Marian B. Rowell, for their lives, with remainders over to testator's grandchildren. Marian B. Rowell is the appellant here. Respondent is the duly appointed and acting trustee under the will.
The particular provision of decedent's will relating to the investment powers under the trust thus created, and which is pertinent to this decision, is as follows:
"The trustee shall invest and re-invest all principal cash in the trust fund in first mortgages on improved real estate in municipal or corporation bonds or in any other form of income bearing property, except real estate, but in selecting such investments, the trustee shall exercise its judgment and shall have first regard for the safety of the principal of the trust rather than for a high rate of income."
In 1938, this court had before it for review an order of the district court of Hennepin county construing the above will as not authorizing the trustee to invest the trust funds in corporate stocks. In that case, In re Trusteeship Under Will of Jones, 202 Minn. 187, *Page 526 277 N.W. 899, this court, in an opinion by Mr. Justice Peterson affirming the order of the lower court, held that corporate stocks were impliedly excluded from the classes of investments authorized to be made by the trustee under the will and that the trustee had no authority to invest funds of the trust in corporate stocks.
In 1943, the legislature of Minnesota passed a law broadening the powers of trustees, such enactment being L. 1943, c. 635 (Mason St. 1944 Supp. §§ 8090-4 to 8090-8), § 1 of which reads:
"In acquiring, investing, reinvesting, exchanging and managing property, a trustee is authorized to acquire every kind of property, real, personal or mixed, and every kind of investment, specifically including, but not by way of limitation, bonds, debentures and other individual or corporate obligations, and corporate stocks, which an ordinarily prudent person of discretion and intelligence, who is a trustee of the property of others, would acquire as such trustee."
Subsequent to the passage of the 1943 statute, appellant presented a petition to the district court of Hennepin county praying for a construction of the will and the statutes applicable thereto so as to authorize the trustee to invest in corporate stocks. The lower court having made its order construing the will and the statutes applying thereto as not authorizing the trustee to invest funds in corporate stocks, appellant now asserts that the court erred in its construction of the will and applicable statutes.
It is urged on behalf of appellant that, in view of the provisions of the 1943 statute broadening the investment powers of trustees, the will should now be so construed as to authorize the trustee to invest in preferred and common corporate stocks; and it is further argued in support of such contention that such investments give promise of much greater returns than those investments now authorized by the terms of the will as heretofore construed.
1-2. In view of our decision in In re Trusteeship Under Will of Jones, 202 Minn. 187, 277 N.W. 899, supra, the 1943 statute, passed as it was subsequent to the death of the testator, does not provide *Page 527 
a proper basis for the construction and authorization now sought by appellant. In this came, we must apply the general rule that the discovered intent of the testator is controlling in the administration of a trust. In other words, the discovered intent of the testator in a will creating a trust is the law of the trust.
"* * * In the administration of a trust, the discovered intent of the trustor is of controlling importance, and the trust is to be administered in the manner laid down by him. Neither the court nor a beneficiary or the legislature is competent to violate such intent and to substitute its discretion for that of the trustor." 54 Am. Jur., Trusts, § 274, and cases cited.
3. In appellant's supplemental brief and in the oral argument in this court, it was further urged that, even in the absence of express statutory authority, the court might and should invoke its equity powers and, independently of said statute, so construe the will as to authorize a deviation from the terms of the trust so that investment of trust funds in common and preferred stocks could be made by the trustee. It was argued in support of such contention that changed economic conditions and the prospects of higher income from investments in corporate stocks would justify a deviation from the terms of the trust.
Assuming that the court may, in a proper case, invoke its equity powers to authorize a deviation from the terms of a testamentary trust, there is nothing before us to indicate that this is such a case. The general policy of the law on this question as it relates to testamentary trusts has been aptly set forth in 54 Am. Jur., Trusts, § 285, as follows:
"* * * A court, in determining whether or not it will authorize a departure from the terms of the trust of the former kind, will emphasize the ultimate intention of the trustor rather than the interests of the beneficiaries, and the prime consideration is the necessity for the preservation of the estate, and not merely the administration of the trust in a way to produce a greater benefit for the beneficiaries." *Page 528 
There has been no showing that authority to deviate from the terms of this trust is necessary to effectuate the ultimate intention of the testator or to preserve the corpus of the trust. Moreover, it appears that authority to deviate from the terms of the trust is being sought solely with a view to increasing the income of the life tenants thereunder. Under the foregoing circumstances, it would be improper for the court to substitute its judgment on a matter of business for that of the testator and thereby authorize a deviation from the terms of the trust so as to permit the trustee to invest in common and preferred corporate stocks. Mayall v. Mayall, 63 Minn. 511,65 N.W. 942; Will of Stack, 217 Wis. 94, 258 N.W. 324,97 A.L.R. 316; Ruggles v. Tyson, 104 Wis. 500, 79 N.W. 766,81 N.W. 367, 48 L.R.A. 809; Will of Caswell, 197 Wis. 327,222 N.W. 235, 61 A.L.R. 1359; Stephens v. Collison, 274 Ill. 389,113 N.E. 691, Ann. Cas. 1918D, 559; 2 Perry, Trusts and Trustees (7 ed.) § 539. See, also, Annotation, 80 A.L.R. 117 to 119.
The order appealed from is affirmed.